UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANTHONY NEWSOME individually and on behalf of infant R.G.,

                                        Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER GEORGE ALLEN #6387, SERGEANT JAMES GRILLO, DEPUTY INSPECTOR JOSEPH GULLOTA, SERGEANT THOMAS LENT, POLICE OFFICER JOSEPH MCEVOY, POLICE OFFICER BRYAN CULLEN, AND POLICE OFFICER ANDREW KAMNA

                                        Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

14-CV-1935 (ERK)(CLP)

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an April 16, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, false arrest, and malicious prosecution.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.   Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7.   Plaintiffs are citizens of the United States and at all times here relevant, resided in Kings County, New York.

8.   The City of New York is a municipal corporation organized under the laws of the State of New York.

9.   Police Officer George Allen was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Allen was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Officer Allen is sued in his individual capacity.

10.   Sergeant James Grillo was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Grillo was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Sgt. Grillo is sued in his individual capacity.

11.   Deputy Inspector Joseph Gullota was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of

New York. On information and belief, at all times relevant hereto, defendant Gullota was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Deputy Inspector Gullota is sued in his individual capacity.

12. Sergeant Thomas Lent was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Lent was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Sgt. Lent is sued in his individual capacity.

13. Police Officer Joseph McEvoy was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant McEvoy was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Officer McEvoy is sued in his individual capacity.

14. Police Officer Bryan Cullen was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Cullen was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Officer Cullen is sued in his individual capacity.

15. Police Officer Andrew Kamna was, at all times here relevant, a police officer of the

NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Kamna was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. Officer Kamna is sued in his individual capacity.

16. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

17. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

18. On April 16, 2013, plaintiffs were inside their home at 682 Ralph Ave, #1A, Brooklyn, NY. At approximately 8AM, plaintiff R.G., who was 15 years old, was getting dressed for school when she noticed several police officers kicking in the front door to her home. Plaintiff Newsome also heard the commotion and walked toward the door. The officers forced their way inside and threw Mr. Newsome to the ground. The officers had their weapons drawn including one firearm pointed directly at Mr. Newsome's back. R.G., who was only partially clothed, was handcuffed and taken into the hallway outside.

19. Both plaintiffs were detained at the location while the officers ransacked the apartment. Drawers were opened, beds were turned upside down, couches were torn apart and closets were emptied. No illegal substances were found on the plaintiffs, near the plaintiffs, in the plaintiffs'

rooms or in the common areas of the apartment. Nevertheless, they were transported in handcuffs to the 73rd precinct.

20. Inside the precinct, R.G. was searched by a female officer and handcuffed to a bar in a back room. Mr. Newsome was also searched and then placed in a cell with several other individuals. Approximately twelve hours later, Mr. Newsome was released with a Desk Appearance Ticket. R.G. was permitted to leave with him. When they returned to their home, plaintiffs had to climb through a window to gain entry because the police officers had placed a padlock on the front door and claimed to have lost the key.

21. Mr. Newsome was required to make a court appearance and wait several months before he was informed that the Kings County District Attorneys' Office declined to prosecute the case.

22. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

23. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

24. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a.    Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution to be free from an unreasonable search and seizure;

b.  Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.  Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.  Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety and separation from family;

f.  Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

25. The above paragraphs are here incorporated by reference.

26. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law and familial relationships pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiffs under 42 U.S.C. §1983.

27. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

28. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

29. The above paragraphs are here incorporated by reference.

30. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

31. The City has been alerted to the regular use of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

32. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

33. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the

7

CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

34. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

35. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

36. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This

failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiffs' complaints to the CCRB from the first day of the incidents complained of, the City has failed to remedy the wrong.

37. Plaintiff has been damaged as a result of the deliberate indifference of the City and Kelly to the constitutional rights of the City's inhabitants.

### THIRD CAUSE OF ACTION
(ASSAULT)

38. The above paragraphs are here incorporated by reference.

39. Defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

40. Plaintiffs were damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

41. The above paragraphs are here incorporated by reference.

42. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

43. Defendants intended to confine plaintiffs.

44. Plaintiffs were conscious of the confinement and did not consent to it.

45. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged.

### FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

46. All preceding paragraphs are here incorporated by reference.

47. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

48. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

49. The preceding paragraphs are here incorporated by reference.

50. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

51. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## SEVENTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

51. The above paragraphs are here incorporated by reference.

52. Defendant officers had a bad disposition and the City knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

53. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiffs' injuries.

54. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force and to make false arrests.

55. The injuries to plaintiffs were caused by the officers' foreseeable use of excessive force.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
September 8, 2014

TO: New York City
c/o Noreen Stackhouse, Esq.
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Officer George Allen
c/o Noreen Stackhouse, Esq.
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Sgt. James Grillo
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

Very truly yours,

*[signature]*

Stoll, Glickman & Bellina, LLP
By: Martha Kashickey
Attorney for Plaintiffs
475 Atlantic Ave. 3rd Fl.
Brooklyn, NY 11217
(718) 852-3710

Dep. Inspector Joseph Gullota
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

Sgt. Thomas Lent
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

P.O. Joseph McEvoy
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

P.O. Bryan Cullen
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

P.O. Andrew Kamna
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212